IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.

RONALD STEWART and
DOROTHY PORTER,

                 Plaintiffs,

and

GABRIEL CASTRO and
TRIUS TRUCKING, INC.,

                 Defendants.

---

**NOTICE OF REMOVAL**

---

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Gabriel Castro ("Castro") and Trius Trucking, Inc. ("Trius Trucking") (collectively "Defendants") remove this action from the Baca County District Court (Case No. 2024CV30000) to the United States District Court for the District of Colorado on the grounds that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Defendants state as follows:

### I.      **BACKGROUND**

1. Plaintiffs initiated this action by filing their Complaint in the Baca County District Court (Case No. 2024CV3000) on January 19, 2024. True and correct copies of the summons and Complaint, returns of service, and relevant papers filed in the State

Court action are being submitted with this Notice, as required per 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and electronic case filing procedures. *See* **Exhibit A**.

2.      Plaintiffs served their summons and Complaint on Trius Trucking on February 3, 2024. **Exhibit A**, Complaint, Cover Sheet, and Summons. The Complaint sets forth claims against Trius Trucking for *respondeat superior* as to Plaintiff Ronald Stewart and Plaintiff Dorothy Porter.

3.      Plaintiffs served their summons and Complaint on Castro on February 5, 2024. **Exhibit A**, Complaint, Cover Sheet, and Summons. The Complaint sets forth claims against Castro for negligence and negligence *per se* as to Plaintiff Ronald Stewart and Plaintiff Dorothy Porter.

4.      According to Plaintiffs' Complaint, Plaintiffs were injured on July 22, 2023 when Castro, while operating a tractor trailer reportedly owned by Trius Trucking, collided with Plaintiffs' vehicle. **Exhibit A**, Complaint at ¶ 6-13.

5.      Plaintiffs are residents of the State of Colorado.

6.      Castro is a resident of Fresno, California. Trius Trucking is a California corporation based in Fresno, California.

7.      Plaintiffs both claim entitlement to monetary damages, which include economic damages such as lost past wages, future loss of earning capacity, past and future medical expenses, and property damage, as well as non-economic damages in the form of physical disfigurement and physical impairment damages, physical and mental suffering, inconvenience, loss of enjoyment of life, and emotional distress. **Exhibit A**, Complaint at p. 8.

8.      While Plaintiffs' Complaint does not state a specific amount of damages for the above referenced categories of loss, the District Court Civil Cover Sheet filed with the Complaint asserts that Plaintiffs are seeking monetary damages in excess of $100,000.00 against Defendants, exclusive of attorneys' fees, interest, and costs. **Exhibit A**, Civil Cover Sheet to Complaint at ¶ 2.

9.      Under Colorado law, and because Defendants were served outside the State of Colorado in the State of California, a response must be filed by Defendants within 35 days and therefore no later than March 9, 2024 for Trius Trucking and March 11, 2024 for Castro. Colo. R. Civ. P. 12(a)(2).

## II.      GROUNDS FOR REMOVAL

### A.  TIMELINESS OF REMOVAL

10.      Although this Notice of Removal has not been filed within the statutorily-prescribed 30 days, the undersigned was not retained until February 14, 2024 and has been diligently getting the information necessary to ensure both Defendants can be represented by the same firm.  The removal is made prior to the Answer deadlines and only three days past the deadline for removal based on the last date of service on Defendants. The removal of this case will not cause any undue or unnecessary delay, and will not prejudice any of the parties.

11.      Plaintiffs' Complaint asserts claims over which this Court has original jurisdiction. Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, the action filed in the Baca County District Court may be removed because it arises out of a dispute between citizens and corporations based in different states, with complete diversity between Plaintiffs and

Defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs. **Exhibit A**, Civil Cover Sheet to Complaint at ¶ 2.

### B. COMPLETE DIVERSITY

12. The notice of removal need only plausibly allege and set forth facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges diversity or the Court questions it. *Id.*; *accord. Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

13. Plaintiffs are residents of the State of Colorado. **Exhibit A**, Complaint at ¶ 1-2.

14. Castro is a resident of Fresno, California. **Exhibit A**, Complaint at ¶ 3.

15. Trius Trucking is a California corporation with its principal place of business located in Fresno, California. **Exhibit A**, Complaint at ¶ 4. For diversity purposes, Trius Trucking is therefore a citizen of the State of California. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (stating that "[f]or diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located").

16. No Defendants are residents of the State of Colorado where the original action was filed and where Plaintiffs reside.

### C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF ATTORNEYS' FEES, COSTS, AND INTEREST

17. Per 28 U.S.C. §§ 1332(a) and 1446(c)(2), the removing party must show that the amount in controversy exceeds the minimum of $75,000.00, exclusive of interest and

costs. A "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee,* 574 U.S. at 89.

18. It is only where there "it is 'legally certain' that the recovery… will be less than [$75,000.00]" that a case may be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (*citing to Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

19. While Plaintiffs' Complaint does not directly state the damages they seek to recover, the Civil Cover Sheet, which is required to be filed with any initial complaint, makes clear that the damages sought are in excess of $100,000.00. **Exhibit A**, Civil Cover Sheet to Complaint at ¶ 2. Indeed, this section of the Civil Cover Sheet provides that Plaintiffs are "seeking a monetary judgment against another party for more than $100,000.00, exclusive of interest and costs, as supported by the following certification: By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000." *Id.*

20. Based on this certification made by Plaintiffs' counsel under C.R.C.P. 11, the amount in controversy exceeds $75,000.00, exclusive of attorney fees, interests, and costs. *Id.*

**D. VENUE**

21. Venue is proper in the District of Colorado under 28 U.S.C. §§ 1391(b)(2) and 1441(a), as the events giving rise to Plaintiffs' claims and the lawsuit occurred in the State of Colorado. **Exhibit A**, Complaint at ¶ 6, 8-13.

### E. CONSENT TO REMOVAL

22.     The undersigned represents all Defendants in this case. Both Trius Trucking and Castro consent to removal.

### F. NOTICE OF REMOVAL

23.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice of Removal with the clerk of court for the action in state district court effects the removal of that action. A copy of the filing of this Notice of Removal, submitted contemporaneously in the state court action, is attached as **Exhibit B**.

WHEREFORE, Defendants Gabriel Castro and Trius Trucking, Inc. remove this action to the United States District Court for the District of Colorado.

Respectfully submitted this 8th day of March, 2024.

COOMBE CURRY RICH & JARVIS

By: */s/ Jill A. Curry*
Jill A. Curry, #36371
Allyson P. Feild, #58929
Coombe Curry Rich & Jarvis
2000 S. Colorado Blvd.
Tower II, Suite 1050
Denver, CO 80264
Telephone: (303) 572-4200
Email: curry@ccrjlaw.com
Email: feild@ccrjlaw.com

*Attorneys for Defendants Gabriel Castro and Trius Trucking, Inc.*